[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11287
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00136-ACC-GJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK BOYKIN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 15, 2012)

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Mark Boykin appeals his 78-month sentence, imposed at the low end of the applicable guideline range, after pleading guilty to one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2). On appeal, Boykin argues that his sentence was substantively unreasonable because the district court failed to vary from the guideline range calculated under U.S.S.G. § 2G2.2, which he claims is unreasonably high.  After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In reviewing sentences for reasonableness, we typically perform two steps.  Id. at 1190.  First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'"  Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the

2

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011).

---

offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

The party who challenges the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir.), cert. denied, 131 S.Ct. 674 (2010). Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

Boykin has not carried his burden of demonstrating that his sentence was substantively unreasonable.[2] First, the district court did conduct an individualized assessment. The PSI, which the district court adopted, showed that Boykin had a very minimal criminal history, consisting of two misdemeanors committed when he was only 20 years old. At the same time, he possessed hundreds of photographs and videos of child pornography, including many depicting child victims who were under 12 years old and containing sadistic or masochistic conduct. The court explicitly considered each of these facts -- the fact that minor children were abused, the fact that the videos contained sadistic and masochistic conduct, the high number of images, and Boykin's prior criminal history -- when making its sentencing determination. In

---

[2] Boykin raises no challenge to the procedural reasonableness of his sentence, and accordingly, he has waived any claim in this respect. See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (holding that issues not raised in an initial brief on appeal are deemed abandoned).

light of the record and the § 3553(a) factors, it found the "very, very serious nature of the offense" to require a sentence within the guideline range.  The court further found, in acknowledgment of Boykin's minor prior criminal history, a sentence at the lowest end of the guideline range appropriate.  Thus, because the court considered the totality of the circumstances in crafting the sentence, Boykin's sentence was not substantively unreasonable on the basis that the court failed to conduct an individualized assessment.  See Gall, 552 U.S. at 51.

Boykin argues, however, that the inherent unreasonableness of the child pornography guidelines defeats the concept of an individualized assessment.  But we have previously upheld the validity of U.S.S.G. § 2G2.2, foreclosing Boykin's argument attacking the reasonableness of the child pornography offender guidelines in and of themselves.  In Pugh, for example, we said that the guidelines for child pornography offenses are not substantively deficient, unlike the substantive deficiencies the Supreme Court found embedded in the crack cocaine guidelines in Kimbrough v. United States, 552 U.S. 85, 109 (2007).  See Pugh, 515 F.3d at 1201 n.15.  Although Boykin argues that our adherence in Pugh to the child pornography guidelines is mere dicta, our caselaw does not support his claim.  See Irey, 612 F.3d at 1212 n.32 (reaffirming that "the guideline sentences for child pornography crimes . . . do not exhibit the deficiencies the Supreme Court identified [in the crack cocaine

5

guidelines] in <u>Kimbrough</u>" (quotation omitted)); <u>United States v. Wayerski</u>, 624 F.3d 1342, 1354 (11th Cir. 2010) (summarily rejecting the argument that the child pornography offender guidelines are irrational and not empirically based).  In any event, <u>Kimbrough</u> would merely <u>permit</u>, but not <u>require</u>, deviation from the guidelines range.  <u>See</u> 552 U.S. at 91.  Thus, Boykin's argument that the child pornography guidelines are intrinsically flawed is unavailing.

The district court considered the guidelines range, along with the other § 3553(a) factors it was required to consult, and ultimately imposed a sentence at the low end of that range.  Moreover, the court did not substantively err when it consulted the child pornography guidelines, because the guidelines themselves are not substantively unreasonable.  Accordingly, we affirm the sentence as reasonable.

**AFFIRMED.**